UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

ADENA CORPORATION, : CASE NO. 1:20-cv-1035
:
    Plaintiff, : OPINION & ORDER
: [Resolving Doc. 6]
vs. :
:
ASHLEY INSURANCE GROUP, :
LTD., :
:
    Defendant. :

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 10, 2020, Plaintiff Adena Corporation, an Ohio construction company, sued Defendant Ashley Insurance Group (d/b/a "The Ashley Group"), a benefits consulting company, in Richland County Court of Common Pleas.[1] On May 12, 2020, Defendant removed the case to this Court.[2]

Plaintiff Adena Corporation moves to remand the case to state court.[3] Plaintiff argues that its claims do not give rise to federal question jurisdiction.[4] Defendant opposes.[5]

For the following reasons, the Court **GRANTS** Plaintiff's motion to remand.

I.    Background[6]

In or around 2014, Plaintiff Adena hired Defendant Ashley Group to advise Adena

---

[1] Doc. 1-1.
[2] Doc. 1.
[3] Doc. 6.
[4] *Id.*
[5] Doc. 8. Plaintiff replied. Doc. 10.
[6] The facts provided are taken from Plaintiff's complaint. Doc. 1-1.

Case No. 1:20-cv-1035
Gwin, J.

regarding its employee health benefits plan. Adena asked Ashley to ensure that its plan was fiscally sound and complied with federal and state laws and regulations, including ERISA.[7]

In 2018, the Department of Labor audited Plaintiff Adena's benefits program and assessed a fine of $357,428.78 for the program's noncompliance with federal law.[8] Specifically, the Department of Labor found that Adena's nicotine surcharge for employees, a surcharge Defendant Ashley Group had assured Plaintiff Adena complied with relevant regulations, violated ERISA's nondiscrimination requirements.[9]

On April 10, 2020, Plaintiff Adena filed this case in state court, asserting three causes of action against Defendant Ashley Group: breach of contract, negligence, and promissory estoppel.[10] On May 12, 2020, Defendant Ashley Group removed the case to federal court.[11]

## II. Discussion

### A. Well-Pleaded Complaint Rule

Where, as here, the parties to a litigation lack diversity, "a defendant may remove a civil action from state court to federal court only if the *plaintiff's* allegations establish 'original jurisdiction founded on a claim or right arising under' federal law."[12] To determine whether a plaintiff's claims arise under federal law, the Court looks to the "well pleaded" allegations of the complaint.[13] The Court ignores potential defenses, even if a

---

[7] *Id.* at 4.
[8] *Id.* at 5-6.
[9] *Id.*
[10] *Id.* at 7-11.
[11] Doc. 1.
[12] *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citing 28 U.S.C. 1441(b)) (emphasis in original).
[13] *Id.*

-2-

Case No. 1:20-cv-1035
Gwin, J.

defense would implicate the preemptive effect of a federal statute or the preclusive effect of a federal judgment.[14]

Here, Plaintiff brings three causes of action, all stemming from the contractual relationship between the Parties.[15] Although Plaintiff alleges that Defendant provided consulting services that focused on the implementation Plaintiff's employee benefits plan in a manner that complied with federal laws, including ERISA, Plaintiff does not bring any claims under federal law.

Instead, Plaintiff brings state-law contract claims that sound in contract law, in other words, state law. Plaintiff's references to federal statutes and regulations in its factual allegations are not enough to change this fact. Nor are Defendant's arguments that it disputes the federal law violations assessed by the Department of Labor and referenced in the complaint.

Under the well-pleaded complaint rule, the Court does not have original jurisdiction over this case.

### B. Exceptions to the Well-Pleaded Complaint Rule

Defendant Ashley Group argues that if the Court finds that the Plaintiff's well-pleaded complaint does not arise under federal law, then the exceptions to the well-pleaded complaint rule apply. This is not so.

#### 1. Artful-Pleading Doctrine

The first exception, the artful-pleading doctrine, prevent plaintiffs from avoiding removal by disguising their federal law claims as state-law claims.[16] But this is not the case

---

[14] *Id.*
[15] Doc. 1-1 at 7-11.
[16] *Kohn v. Glenmede Trust Co., N.A.*, No. 1:19-cv-1352, 2020 WL 2104552 at *5-6 (N.D. Ohio 2020) ("Under

-3-

Case No. 1:20-cv-1035
Gwin, J.

here. Plaintiffs' state contract-based claims are not disguising federal causes of action.

### 2. Complete-Preemption Doctrine

The second exception, the complete-preemption doctrine, also does not apply. Complete preemption occurs when Congress "passes a statute so broad that it 'wholly displaces . . . state-law cause[s] of action.'"[17] In such cases, even state-law claims in state court may be removed to federal court, because they are "in reality based on federal law."[18] Although the ERISA regulatory regime preempts state law, removal is only proper when a state suit "asserts a state law cause of action to enforce the terms of an ERISA plan and that suit conflicts with or duplicate the federal cause of action provided in ERISA's enforcement provision."[19]

The Sixth Circuit applies a two-step test to determine whether ERISA completely preempts a state claim.[20] First, Plaintiff "must be complaining about a denial of benefits under the terms of her ERISA plan."[21] Second, Plaintiff "must only allege the violation of a legal duty (federal or state) that is *dependent* on ERISA or on the ERISA plan's terms."[22]

Defendant Ashley Group carries the burden of showing that the two steps are met and fails to do so.[23] Plaintiff Adena does not complain of a denial of benefits under step one, nor does it complain of the denial of a legal duty dependent on ERISA. Instead,

---

the artful-pleading doctrine, 'a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute.'") (citing *Mikulski*, 501 F.3d at 560).

[17] *K.B. by and through Qassis v. Methodist Healthcare—Memphis Hospitals*, 929 F.3d 795, 799 (6th Cir. 2019) (alterations in original) (citation omitted).
[18] *Id.*
[19] *Id.* at 800.
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.* (stating that the party requesting the exception to usually limited federal jurisdiction carries the burden of demonstrating the two steps are met).

-4-

Case No. 1:20-cv-1035
Gwin, J.

Plaintiff sues based on the alleged violation of a consulting contract, and the consulting services happened to involve ERISA expertise. Complete preemption does not apply.

### 3. Substantial Federal Question Doctrine

Finally, the third exception, the substantial federal question doctrine, does not bar remand. Under the substantial federal question doctrine, a "special and small category" of cases that originate under state law may still give rise to federal jurisdiction if they involve "the interpretation of a federal statute that is so significant that a federal court should hear the case."[24]

The Supreme Court outlined four requirements that must be met in order to base jurisdiction on a substantial federal question. The federal issue must be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance."[25]

Under the first factor, to be "necessarily raised" a federal issue must be an essential element of a plaintiff's claim.[26] Under the second, to be a disputed issue the parties must "cross swords over" the issue "such that two competing interpretations are asserted."[27] Neither of these factors is present here.

While Plaintiff Adena references federal statutes in its complaint the federal statutes are not an essential element of any of Plaintiff's claims. Defendants argue that the Parties "cross swords" over the complaint's alleged violations of federal law,[28] but Plaintiff alleges that the violations were found by the Department of Labor, so it is hard to see how "two

---

[24] *Kohn*, 2020 WL 2104552, at *8 (citations and quotations omitted).
[25] *Id.* (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).
[26] *Id.* (citing *Gilmore v. Weatherford*, 694 F.3d 1160, 1173 (10th Cir. 2012)).
[27] *Id.* (citing *Funderwhite v. Local 55, United Ass'n,* 702 F. App'x. 308, 313 (6th Cir. 2017)).
[28] Doc. 8 at 7.

Case No. 1:20-cv-1035
Gwin, J.

competing interpretations" of federal law could be at issue.

Even assuming, *arguendo*, that the complaint presents a necessarily raised and disputed federal question, it fails to satisfy the third factor—substantiality. To determine whether a complaint raises a substantial federal question, courts must look "to the 'importance of the issue to the federal system as a whole."[29] The question of whether Plaintiff Adena's plan violated federal regulations, an issue already decided by the Department of Labor, has little, if any, importance in the grand scheme of the federal system. As such, it does not raise a substantial federal question.

Under the third exception, substantial federal question, the Court finds no jurisdiction.

## III. Conclusion

For the reasons stated, the Court **GRANTS** Plaintiff's motion to remand the case to Richland County Court of Common Pleas.

IT IS SO ORDERED.

Dated: July 21, 2020   *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[29] *Kohn*, 2020 WL 2104552, at *8 (citing *Gunn*, 568 U.S. at 260).

-6-